UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTWANE CARLISLE,<br><br>Plaintiff,<br><br>-against-<br><br>OSVALDO CABAN, ADMINISTRATIVE LAW JUDGE; PO SAVANNAH KITT; PO MORILLO; PO PENA; BUREAU CHIEF KOSHI,<br><br>Defendants. | **ORDER OF SERVICE**<br><br>25-CV-09028 (PMH) |

PHILIP M. HALPERN, United States District Judge:

Antwane Carlisle ("Plaintiff"), who is incarcerated at the Westchester County Jail, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his rights. (Doc. 1). By order dated December 9, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court: (1) orders service on Parole Officer Morillo; and (2) dismisses the claims against the other defendants with leave to replead.

## BACKGROUND

Named as Defendants in this complaint are Administrative Law Judge ("ALJ") Osvaldo Caban ("ALJ Caban"); Parole Officers ("P.O.") Savannah Kitt ("P.O. Kitt"), Morillo ("P.O. Morillo"), and Pena ("P.O. Pena"); and New York State Department of Corrections and Community Supervision ("DOCCS") Bureau Chief Koshi ("Chief Koshi," and together, "Defendants"). The events giving rise to this complaint allegedly took place in New Rochelle, New York. Plaintiff claims that Defendants targeted and harassed him in retaliation for filing

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

administrative complaints and a lawsuit alleging that a parole officer named Ramos assaulted him in July 2024, and that other parole officers failed to intervene.[2] The following facts are drawn from the complaint.[3]

In January 2025, Plaintiff had a parole violation hearing before ALJ Caban. (Doc. 1 at 4). Plaintiff claims without elaboration that ALJ Caban and P.O. Kitt colluded with each other during the proceedings. (*Id.*). According to Plaintiff, he had completed a six-month sentence for a misdemeanor petit larceny conviction, which he characterizes as "a non-technical parole violation," but he had an outstanding absconding charge. (*Id.*). ALJ Caban informed Plaintiff that he was "converting" the technical absconding violation into a non-technical violation and sentencing him to 10 months' incarceration. (*Id.* at 5). Plaintiff objects in this complaint that he did not authorize his attorney to accept this "illegal enhancement; that the conversion violated New York State's Less Is More Act; and that absconding is a technical violation carrying a "7 day hold" for a first time offender. (*Id.*). In May 2025, after two adjournments, ALJ Caban sentenced Plaintiff to ten months, time served. (*Id.* at 6). Plaintiff was taken to the Westchester County Department of Correction ("WCDOC") Booking Area to be released, but P.O. Pena "arrived [with] the wrong discharge documents," which caused a delay. (*Id.*). According to Plaintiff, WCDOC Booking Officer Romano said that, based upon his "training & experience," P.O. Pena "deliberately submitted the wrong documents." (*Id.*). It appears that Plaintiff was released later that day. (*Id.*). Plaintiff filed an administrative appeal of the 10-month sentence, but DOCCS "refused to acknowledge or respond" to it. (*Id.*).

---

[2] *See Carlisle v. Ramos*, No. 24-CV-9790 (CS) (S.D.N.Y. filed Dec. 18, 2024) ("*Carlisle I*") (motion to dismiss pending). (Doc. 1 at 6).

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

On June 2, 2025, Plaintiff reported to his parole officer, P.O. Joseph. (*Id.* at 7). Plaintiff claims that while he and P.O. Joseph were talking, P.O. Morillo allegedly "appeared out of nowhere," and "physically accosted" and "forcefully attacked" him. (*Id.*). He states that P.O. Morillo "charged at [him] w/her fists balled up, and yelled and screamed several times, "I wish you would hit me." (*Id.*). Plaintiff feared "for his safety & wellbeing" and asked to see P.O. Morillo's supervisor. (*Id.*). Chief Koshi arrived and told Plaintiff that he could "not leave the building," and P.O. Morillo returned with a "GPS ankle device" that she said Plaintiff would be "required to wear" going forward. (*Id.*). Plaintiff asserts that DOCCS Special Investigator Ankrum told Plaintiff that he was being investigated as a threat, but it is not clear when Ankrum told Plaintiff this. (*Id.*).

Plaintiff alleges that because of the incidents involving P.O. Morillo and P.O. Ramos, he feared for his life and stopped reporting to his parole officer or wearing the ankle device. (*Id.*). On October 3, 2025, "numerous warrant squad investigators wearing Kevlar helmets & carrying Kevlar shields w/numerous weapons" arrested Plaintiff at his brother's house in Yonkers. (*Id.* at 8). He seeks $25 million in damages, and an order: (1) barring DOCCS from harassing him or requiring him to wear the ankle monitor; and (2) directing DOCCS to grant his appeal. (*Id.* at 10).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.

2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *Triestman*, 470 F.3d at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief and to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## DISCUSSION

### I. 42 U.S.C § 1983

#### A. Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising

out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when judges take action "outside" their judicial capacity, or when judges take action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against ALJ Caban concern his conduct during Plaintiff's parole hearing. Because ALJ Caban undoubtedly had jurisdiction of that matter, and because Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable to him, the doctrine of absolute judicial immunity therefore applies. The Court therefore dismisses Plaintiff's claims against ALJ Caban because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, are deemed frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

B. Eleventh Amendment Immunity (Official-Capacity Claims against Koshi, Kitt, Morillo, and Pena)

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (internal quotation marks and citation omitted). Thus, "[t]he Eleventh Amendment bars a damages action in federal court against . . . state . . . officials when acting in their official capacity unless the state has waived its sovereign immunity or Congress has abrogated it." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Sci.*, 804 F.3d 178, 193 (2d Cir. 2015). This immunity also shields States and their agents from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). Congress has not abrogated the States' immunity for claims under Section 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

The Eleventh Amendment precludes Plaintiff's official-capacity claims under Section 1983 for damages against Defendants Koshi, Kitt, Morillo, and Pena, who are New York State officials, in their official capacities. *See Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 392 (2d Cir. 2022) ("[T]he Eleventh Amendment bars the award of money damages against state officials in their official capacities."). The Court therefore dismisses Plaintiff's official-capacity claims against these Defendants as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(b)(iii).

C. Parole Officer Immunity (Personal-Capacity Claims Against P.O. Kitt)

Plaintiff's complaint may be construed as asserting claims against P.O. Kitt in her personal capacity. State officials such as parole officers have absolute immunity for "judicial acts" and "acts that are prosecutorial in nature." *Scotto v. Almenas*, 143 F.3d 105, 110 (2d Cir. 1998). Parole officers are thus entitled to absolute immunity for their decisions to "grant, deny, or revoke parole," which are judicial tasks, as well as for their actions in "initiating parole revocation proceedings" and "presenting the case for revocation to hearing officers," which are prosecutorial acts. *Id.* at 111-12.

Plaintiff's claim against P.O. Kitt appears to arise from conduct that occurred during his parole hearing. To the extent P.O. Kitt was engaging in prosecutorial acts, she is entitled to absolute immunity, and the Court dismisses any claims against her in connection with that conduct on immunity grounds. *See* 28 U.S.C. § 1915(e)(2)(b)(iii).

D. Rule 8 (P.O. Pena and Chief Koshi)

To state a claim under Section 1983 a plaintiff must allege that each named Defendant acted under color of law and violated a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Additionally, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983" (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory

of respondeat superior.”). Rather, “[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]” *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

The facts alleged in the complaint against P.O. Pena and Chief Koshi do not suggest that they violated Plaintiff’s constitutional rights. According to Plaintiff, P.O. Pena initially brought the wrong discharge papers to the WCDOC Booking Area, and Chief Koshi told Plaintiff that he could not leave the building where he was meeting with his parole officer, both of which delayed his release by an unspecified period of time. Plaintiff’s allegations against these Defendants do not state plausible Section 1983 claims, as they do not contain enough factual detail to allow the Court to draw the inference that these defendants violated his federally protected rights. The Court dismisses Plaintiff’s Section 1983 claims against these Defendants for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to replead, should he wish to do so.

II. <u>Damages Claim for Alleged Unlawful Conviction</u>

Plaintiff’s Section 1983 claims for money damages arising out of his allegedly unlawful conviction are barred by the Supreme Court’s decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that to recover monetary damages for:

> [an] allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court’s issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (citation modified).

The *Heck* rule has been extended to Section 1983 actions that challenge the fact or duration of confinement based on a parole revocation. *See, e.g.*, *Lee v. Donnaruma*, 63 F. App'x 39, 40-41 (2d Cir. 2003) (summary order); *McClinton v. Henderson*, No. 13-CV-03335, 2014 WL 2048389, at *5 (E.D.N.Y. May 19, 2014).

Here, Plaintiff appears to assert that Defendants convicted him in an act of retaliation and harassment. If Plaintiff prevailed on his claim, it would imply the invalidity of his conviction. *Heck* therefore bars Plaintiff's claim for money damages.

Before seeking relief under Section 1983, Plaintiff must show "that the conviction or sentence has been reversed on direct appeal" or otherwise invalidated. *Heck*, 512 U.S. at 487. Plaintiff has not done so; he does not allege that he appealed his conviction in the state courts and that any such appeal was successful, or that any court or executive branch entity otherwise vacated his conviction. The Court therefore dismisses this claim, without prejudice, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

III. Challenge to Conviction or Current Detention

Construing the pleading liberally, Plaintiff may be challenging a final judgment revoking his parole, and his current detention arising from a new parole violation. The exclusive remedy for a state prisoner challenging the legality of a conviction, sentence, or pretrial detention is a petition for *habeas corpus*. *See Peralta v. Vasquez*, 467 F.3d 98, 102 (2d Cir. 2006). The "*habeas* provisions for state prisoners are 28 U.S.C. § 2254, applying specifically to 'a person in custody pursuant to the judgment of a State court,' and the somewhat broader provisions of [28 U.S.C.] § 2241, covering all persons 'in custody' in violation of federal law." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). When ascertaining the proper vehicle for a petitioner's challenge,

"the substance of the petition" governs, rather than its label. *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002).

Any challenge Plaintiff is raising to a final state court judgment of conviction or sentence, must be brought in a petition for a writ of *habeas corpus* under Section 2254. *See Heck*, 512 U.S. at 486 (noting that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."); *Cook v. New York State Div. of Parole,* 321 F.3d 274, 278-79 (2d Cir. 2003) (holding that a Section 2254 petition is the proper vehicle for challenging custody arising from the revocation of parole). A Section 2241 petition is generally considered the proper vehicle for a state pretrial detainee who argues that he is in custody in violation of the Constitution or federal law. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973).[4]

The Court declines to recharacterize this submission as a petition under either Section 2241 or Section 2254 because Plaintiff does not allege that he has exhausted his state court remedies. Exhaustion of state court remedies is required under both federal *habeas corpus* statutes. *See* 28 U.S.C. § 2254(b), (c); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."); *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion

[4] If Plaintiff files a Section 2241 petition challenging ongoing criminal proceedings, he faces an additional hurdle. In *Younger v. Harris,* 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Gristina v. Merchan*, 131 F.4th 82, 86-88 (2d Cir. 2025) (discussing *Younger*). "[B]ad faith or harassment" exists when the party bringing the state court action has "no reasonable expectation of obtaining a favorable outcome.'" *Homere v. Inc. Vill. of Hempstead*, 322 F. Supp. 3d 353, 368 (E.D.N.Y. 2018) (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994)); *see also Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (noting that bad faith under *Younger* "generally means a prosecution has been brought without a reasonable expectation of obtaining a valid conviction").

of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.”).

To the extent Plaintiff challenges a final state court judgment or seeks release from his current custody, he must first exhaust his state court remedies, and if he is unsuccessful in the state courts, he may return to federal court where he may file a petition for a writ of *habeas corpus. O’Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) (explaining that a petitioner may satisfy the exhaustion requirement by fairly presenting his claims through one complete round of the state’s established appellate review process).

IV. Order of Service on Parole Officer Morillo

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) (“The officers of the court shall issue and serve all process . . . in [IFP] cases.”); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff’s responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App’x 50, 52 (2d Cir. 2010) (“As long as the [plaintiff proceeding IFP] provides the information necessary to

identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

The Clerk of Court is instructed to issue a summons for Defendant Parole Officer Morillo, complete the USM-285 form with the address for this Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Administrative Law Judge Osvaldo Caban, Parole Officer Savannah Kitt, Parole Officer Pena, and DOCCS Bureau Chief Koshi, for failure to state a claim on which relief may be granted, on immunity grounds, and for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii); Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff leave to replead his claims against P.O. Pena and Chief Koshi only, as set forth in this order, should he wish to do so. Plaintiff may file an Amended Complaint within thirty days from the date of this Order to address only the substantive pleading deficiencies identified herein and for no other purpose.

The Court declines to recharacterize this submission as a petition under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254. Because this action makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(a).

The Clerk of Court is instructed to issue a summons for Defendant Parole Officer Morillo, complete the USM-285 form with the address for this Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff. An amended complaint form is attached.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 2, 2026
White Plains, New York

PHILIP M. HALPERN
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

Parole Officer Morillo
3 Cottage Place
New Rochelle, New York 10801

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

______________________________________________________
______________________________________________________
______________________________________________________

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

______________________________________________________
______________________________________________________
______________________________________________________
______________________________________________________
______________________________________________________
______________________________________________________
______________________________________________________
______________________________________________________

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes ☐ No
(check one)

**___ Civ. _________ (   )**

**I. Parties in this complaint:**

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's Name___________________________________________________________
ID#______________________________________________________________
Current Institution_______________________________________________
Address__________________________________________________________
_________________________________________________________________

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1 Name ___________________________________________ Shield #_________
Where Currently Employed ________________________________________
Address _________________________________________________________
_________________________________________________________________

Defendant No. 2 Name ______________________________ Shield #_________
Where Currently Employed ______________________________
Address ______________________________
______________________________

Defendant No. 3 Name ______________________________ Shield #_________
Where Currently Employed ______________________________
Address ______________________________
______________________________

**Who did what?**

Defendant No. 4 Name ______________________________ Shield #_________
Where Currently Employed ______________________________
Address ______________________________
______________________________

Defendant No. 5 Name ______________________________ Shield #_________
Where Currently Employed ______________________________
Address ______________________________
______________________________

## II. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur?

______________________________
______________________________

B. Where in the institution did the events giving rise to your claim(s) occur?

______________________________

C. What date and approximate time did the events giving rise to your claim(s) occur?

______________________________
______________________________
______________________________

**What happened to you?**

D. Facts:______________________________
______________________________
______________________________
______________________________

___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________

Was anyone else involved?

Who else saw what happened?

**III. Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________

**IV. Exhaustion of Administrative Remedies**:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____ No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_______________________________________________________________________________

_______________________________________________________________________________

_______________________________________________________________________________

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____ No ____ Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____ No ____ Do Not Know ____

If YES, which claim(s)?
_______________________________________________________________________

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____ No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____ No ____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_______________________________________________________________________

1. Which claim(s) in this complaint did you grieve?
_______________________________________________________________________

_______________________________________________________________________

2. What was the result, if any?
_______________________________________________________________________

_______________________________________________________________________

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.
_______________________________________________________________________
_______________________________________________________________________
_______________________________________________________________________
_______________________________________________________________________

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:
_______________________________________________________________
_______________________________________________________________
_______________________________________________________________

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V. Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). ______________________________

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________

**VI. Previous lawsuits:**

**On these claims**

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ____ No ____

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff ____________________________________________________________
Defendants __________________________________________________________

2. Court (if federal court, name the district; if state court, name the county) ________________
______________________________________________________________________________

_______3. Docket or Index number ______________________________________________

_______4. Name of Judge assigned to your case_____________________________________

5. Approximate date of filing lawsuit _____________________________________

6. Is the case still pending? Yes ____ No ____

If NO, give the approximate date of disposition_________________________________

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) ________________________________
______________________________________________________________________________
______________________________________________________________________________

**On other claims**

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes ____ No ____

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff ____________________________________________________________
Defendants __________________________________________________________

2. Court (if federal court, name the district; if state court, name the county) ___________
______________________________________________________________________________

_______3. Docket or Index number ______________________________________________

_______4. Name of Judge assigned to your case_____________________________________

5. Approximate date of filing lawsuit _____________________________________

6. Is the case still pending? Yes ____ No ____
   If NO, give the approximate date of disposition_________________________________

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) ______________________________
   ________________________________________________________________________
   ________________________________________________________________________

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of ______________, 20___.

Signature of Plaintiff ______________________________________
Inmate Number ______________________________________
Institution Address ______________________________________
______________________________________
______________________________________
______________________________________

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _________________, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: ______________________________________